UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDERICK LUSTER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DUNCAN SOLUTIONS, INC., a Wisconsin corporation, <br><br> PROFESSIONAL ACCOUNT MANAGEMENT, LLC a Wisconsin limited liability company, and <br><br> PARK ATLANTA. LLC, a Georgia limited liability company, <br><br> Defendants. | Civil Action File No. 1:14-cv-00112-AT <br><br><br> **Jury Trial Demanded** |

## PRELIMINARY APPROVAL ORDER

WHEREAS, this Action is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*,

WHEREAS, Plaintiff has filed an unopposed Motion for Preliminary Approval of a Class Wide Settlement (the "Motion"), which included a Settlement Agreement[1] (the "Settlement Agreement") which, together with the exhibits

---

[1] Unless otherwise defined herein, all capitalized terms have the same definition as set forth in the Settlement Agreement (ECF 25-1).

thereto, sets forth the terms and conditions for the settlement and release of certain claims, on a class wide basis, against Duncan Solutions, Inc., Professional Account Management, LLC and Law Enforcement Systems, LLC ("Duncan"), as more fully set forth below;

WHEREAS, the Court having carefully considered the Motion and the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Settlement Agreement appears fair, reasonable and adequate, and that the proposed plan of notice to the class is the best notice practicable under the circumstances and consistent with Due Process and Federal Rule of Civil Procedure 23, and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement Agreement is fair, reasonable, and adequate, and to determine whether a judgment approving settlement and order of dismissal should be entered in this action based upon the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.   For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

**Certification of Settlement Class**

2.   Under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for

the purposes of settlement only, the "Settlement Class" is preliminarily certified, consisting of the following class:

> All persons nationwide associated as subscribers, billpayers or users with cellular telephone numbers Duncan called using its dialing equipment or recorded message, between and including December 19, 2009 and July 7, 2014, which cellular telephone number appears on the Class List.

The Court is informed that there are 889,512 unique cellular telephone numbers that Duncan called as described above during this period and that the parties will confirm the precise figure prior to mailing notice and presenting the Settlement for final approval.

3. All persons or entities who are members of the Settlement Class are collectively the "Settlement Class Members" or individually a "Settlement Class Member."

4. For purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been preliminarily satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the class representative are typical of the claims of the respective classes within the Settlement Class they seek to represent; (d) the class representative will fairly and

adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds, for purposes of settlement only, that: (A) the members of the class have a limited interest in individually prosecuting the claims at issue; (B) that no other litigation regarding the claims at issue by members of the Settlement Class warrants rejection of the Settlement; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

5. Under Federal Rule of Civil Procedure 23, and for settlement purposes only, plaintiff Frederick Luster is hereby appointed class representative and Alexander H. Burke, Burke Law Offices, LLC, 155 N. Michigan Ave., Suite 9020, Chicago, IL 60601 and Justin T. Holcombe, Kris Skaar and James M. Feagle, Skaar & Feagle, LLP, 331 Washington Ave., Marietta, GA 30060, are hereby appointed as Class Counsel.

6. The foregoing determination regarding class certification is for purposes of settlement only. The Court recognizes that, under the Settlement Agreement, Duncan retains the right to dispute that a class may be certified in this case, or that a class is reasonably ascertainable, should the Settlement not be finally

approved. Therefore, as more fully set forth below, if the Settlement is not finally approved, and litigation resumes, this preliminary finding regarding class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

**Notice and Administration**

7.      The Court hereby approves of KCC, LLC as claims administrator to perform the duties of the Claims Administrator set forth in the Settlement Agreement, including providing Notice to Settlement Class Members, to perform such other functions and duties of the administrator as are set forth in the Settlement Agreement, and to provide such administration services as are reasonably necessary to facilitate the completion of the Settlement.

8.      The Court has carefully considered the plan for notice set forth in the Settlement Agreement, including receiving briefs on the issue of the propriety of the notice. The Court finds that the form and method set forth or identified in the Settlement Agreement of notifying the Settlement Class, and the members thereof, of the Settlement and its terms and conditions constitutes the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law, such that the Settlement

Agreement and final judgment will be binding on all Class Members.

9. The Court hereby approves the form, content and requirements of the Class Notice for direct mailing annexed to the Settlement Agreement as Exhibit A. The Court approves the regime for notice set forth in the Settlement Agreement. Claims Administrator shall cause the Class Notice to be mailed on or before **December 12, 2014**, to the individuals that Duncan has identified as associated with the 889,512 unique cell phone numbers it called, which the Court finds constitutes an appropriate and sufficient effort to identify Settlement Class Members for purposes of making individual notice. Class Counsel shall, prior to the Final Approval Hearing, file with the Court proof of mailing of the Class Notice.

10. Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a claim form in accordance with the instructions provided therein. The Court hereby approves as to form and content the claim form attached to the Settlement Agreement along with the Class Notice as Exhibit A, which shall be included in the direct notice package, the Long Form Notice attached as Exhibit B and as the Claim Form attached as Exhibit C, attached to the Settlement Agreement. All Claim Forms must be postmarked or received by the Claims Administrator no later than **March 12, 2015**.

11. All costs of providing notice to the Settlement Class, processing claim

forms and administering distributions from the Settlement Fund according to a Court-approved procedure in the Final Approval Order, shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

**Exclusion & "Opt-Outs"**

12. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate individual litigation or other proceedings against Duncan relating to the claims released pursuant to or covered by the terms of the Settlement.

13. A Settlement Class Member wishing to make a request for exclusion from the Settlement Class shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than **February 5, 2015**, to the Claims Administrator at the address specified in the Notice. In the written request for exclusion, the Settlement Class Member must state their full name, address, telephone numbers, and whether each telephone number is a cellular phone or a residential landline. Further, the Settlement Class Member must include a

statement in the written request for exclusion that they wish to be excluded from the Settlement. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No Settlement Class Member, or any person acting on behalf of or in concert or in participation with that Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement Class.

14. Settlement Class Members who opt out of the Settlement will relinquish their rights to benefits under the Settlement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely request to exclude themselves from the class on or before the dates specified herein shall by bound by all terms of the Settlement Agreement and Final Approval Order, regardless of whether they have requested exclusion from the Settlement Agreement.

15. The Claims Administrator will promptly provide all Parties with copies of any opt-out requests, and Plaintiffs shall file a list of all who have opted out with the Court no later than ten (10) calendar days prior to the Final Approval Hearing.

**Objections**

16. Any member of the Settlement Class who is not excluded from the

Settlement Class and who objects to the approval of the proposed settlement must file with the Court and serve on all Parties a written statement including each of the following: (a) his or her full name; (b) address, telephone numbers that s/he maintains was called; (c) all grounds for the objection with factual and legal support for the stated objection; (d) the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing, which shall be attached; and (e) a statement of whether the Class Member was assisted or advised in the preparation of the objection by counsel and, if so, the name and address of that counsel.

17.     A member of the Settlement Class may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and/or the request for compensation awards to the Class Representatives are required to indicate in their written objection their intention to appear at the Fairness Hearing on their own behalf or through counsel.

18.     The Court will consider comments and/or objections to the Settlement, the award of attorneys' fees and reimbursement of expenses, and the service award to the Class Representative only if, on or before **February 5, 2015**,

such comments or objections and any supporting papers are filed in writing with the Clerk of this Court and comply with this Order. No Settlement Class Member shall be entitled to be heard and no objection shall be considered unless these requirements set forth in this Order are satisfied.

19. Any Settlement Class Member who does not opt out and/or make his objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

**Final Approval Hearing**

20. The Federal Rule of Civil Procedure 23(e) Final Approval Hearing is hereby scheduled to be held before the Court on **April 16, 2015 at 3:00 pm** for the following purposes:

(a) to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting

Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d) to consider the application for an award of attorneys' fees, costs, and expenses of Class Counsel;

(e) to consider the application for incentive awards to the class representatives;

(f) to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g) to rule upon such other matters as the Court may deem appropriate.

21. Briefs and papers in support of the final approval of the proposed settlement shall be filed no later than fourteen (14) calendar days before the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and Final Approval Order in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

22. On or before fourteen (14) calendar days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval; (ii) any

application for award of attorneys' fees and expenses; and (iii) any application for compensation awards to the Class Representatives. For clarity, the deadlines the Parties shall adhere to are as follows:

| | |
|---|---|
| **Class Notice Mailed by:** | **December 12, 2014** |
| **Objection/Exclusion:** | **February 5, 2015** |
| **Claim Deadline:** | **March 12, 2015** |
| **Final Approval Hearing:** | **April 16, 2015 at 3:00 pm** |

23. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**Further Matters**

24. All discovery and other pretrial proceedings in the Action as between the Plaintiff and Duncan are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

25. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

26. In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement

Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

27. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: November 7, 2014

                                              United States District Judge