# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FREDERICK LUSTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DUNCAN SOLUTIONS, INC., a Wisconsin corporation,<br><br>PROFESSIONAL ACCOUNT MANAGEMENT, LLC a Wisconsin limited liability company, and<br><br>PARK ATLANTA. LLC, a Georgia limited liability company,<br><br>Defendants. | Civil Action File No.<br>1:14-cv-00112-AT |

## FINAL ORDER OF JUDGMENT AND DISMISSAL

This matter coming to be heard on Plaintiff Frederick Luster's Unopposed Motion for Final Approval of Class Action Settlement ("Motion"), due and adequate notice having been given to the Settlement Class,[1] and the Court having considered all papers filed and proceedings in this matter, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

---

[1] Unless otherwise defined herein, all capitalized terms have the same definition as set forth in the Settlement Agreement (ECF 25-1).

1

1. This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Settlement Class Members.

2. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated November 7, 2014, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

3. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class and the defendants, and supporting declarations. The Court has also read and considered the one written objection submitted by Settlement Class Members. The Court held a hearing on April 16, 2015, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on October 10, 2014, and that ninety (90) days has passed without comment or objection from any governmental entity.

4. Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the

best interests of the Settlement Class. Among other considerations, the complex legal and factual posture of the Action, and the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator support this finding.

      5.    Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following "Settlement Class":

> All persons nationwide associated as subscribers, billpayers or users with cellular telephone numbers Duncan called using its dialing equipment or recorded message, between and including December 19, 2009 and July 7, 2014, which cellular telephone number appears on the Class List.

The Court is informed that there are 807,556 unique cellular telephones that Duncan called as described above during this period.

      6.    Under Federal Rule of Civil Procedure 23, Frederick Luster is hereby appointed as class representative and Burke Law Offices, LLC and Skaar & Feagle, LLP are appointed as Class Counsel.

      7.    With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the class representative, identified above, are typical of the claims of the Settlement Class;

(d) the class representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (A) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (B) that no other litigation commenced regarding the claims at issue by members of the Settlement Class warrants disapproval of this Settlement; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

8. The Court has determined that the Class Notice given to the Settlement Class members, in accordance with the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Due Process, Federal Rule of Civil Procedure 23, and all applicable law.

9. The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

10. The 9 persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Order of Judgment and Dismissal. Annexed hereto as Appendix 1 is a summary schedule of all such persons excluded from the Settlement Class.

11. The Parties have informed the Court that certain claims were submitted without signature and that other claims were submitted after the claims deadline. In the interest of substantial justice, the Court approves acceptance of any late-filed claims that were received up to 3:00 Eastern Time on April 16, 2015 and that otherwise comply with this Court's Preliminary Approval Order. Because the Defendants are entitled to an executed claims form, whereby the class member agrees to the Release, unsigned claims that are not remedied through the Settlement Administrator's deficiency letter efforts will not be honored.

12. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

13. The Court approves the National Consumer Law Center as a *cy pres* recipient for leftover monies as a result of uncashed checks.

14. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to

Plaintiff and all Settlement Class members. The Court adjudges that the released claims described in the Settlement Agreement are released against the Released Parties.

15. The Court adjudges that the Plaintiff and all Settlement Class members shall be deemed to have fully, finally and forever released and relinquished their claims against the Released Parties, as specified in the Settlement Agreement.

16. After the Effective Date, all Class Members, including Representative Plaintiff, are hereby permanently enjoined from commencing, prosecuting, or assisting in any suit against the Released Parties with respect to the fees, charges, conduct, services, acts, or omissions of the Released Parties relating to all matters within the scope of the releases contained in the Settlement Agreement.

17. The Court further adjudges that upon the Effective Date, the above-described release and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiff and all other Settlement Class members, and their respective affiliates, assigns, heirs, executors, administrators, successors and agents. The Released Parties may file the Settlement Agreement and/or this Final Order of Judgment and Dismissal in any action or proceeding that

may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains exclusive jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and the Settlement Class members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 16 above, and resolving all disputes arising from claims for payment under the Settlement.

19. The Court approves payment of attorneys' fees to Class Counsel in the amount of $ $781,250, and costs and expenses in the amount of $7,057.47, for a total of $788,307.47. This amount shall be paid from the Settlement Benefits in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Plaintiffs' counsel in

support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Plaintiffs' counsel. Third, the Court concludes that the Settlement was negotiated at arms' length and without collusion, and that negotiation of the attorney's fees followed agreement on the settlement benefits for Settlement Class Members. Finally, the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award, and no class member has objected to this aspect of the Settlement.

20. The Court approves the incentive fee payment of $10,000 for Frederick Luster and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid from the Settlement Benefits in accordance with the terms of the Settlement Agreement.

21. Neither this Final Order of Judgment and Dismissal nor the Settlement Agreement shall be construed or used as an admission or concession by or against either Duncan or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any released claims. This Final Order of Judgment and Dismissal is not a finding of the validity or invalidity of any claims

in this Action or a determination of any wrongdoing by Duncan or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Duncan.

22. The Court understands that the parties received only one objection, from William Cruse, of Pasadena, Texas. Mr. Cruse's sole objection is that he should receive a greater share of the settlement due to emotional distress described in his objection. The Court overrules his objection, in part because Mr. Cruse elected not to opt out to pursue these damages, although the class notice indicated that his likely distribution would be somewhat lower than he is likely to receive in this Settlement. Because they were not presented to the Court any and all other objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Order of Judgment and Dismissal. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order of Judgment and Dismissal.

**IT IS SO ORDERED** this 6th day of May, 2015.

**Amy Totenberg
United States District Judge**